UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAULIKKUMAR PATEL,

Plaintiff,

v.                                                        Civil Action No. 3:25-cv-427-RGJ

DIRECTOR, U.S. CITIZENSHIP AND                            Defendant
IMMIGRATION SERVICES,

**MEMORANDUM OPINION & ORDER**

This case was filed on July 9, 2025. [DE 1]. Summons were issued on July 9, 2025. [DE 3]. Plaintiff updated the Plaintiff's address with the Court from PO Box 349, 1000 Palm Blvd Isle of Palms, SC, 29451 to 4502 Mason Ethan Ct #102 Louisville, KY 40218 and requested a copy of the summons issued by the Court on August 22, 2025. [DE 4, DE 5].  Defendant filed a motion to dismiss on January 6, 2026. [DE 6]. The Defendant's certificate of service states that the motion was mailed to Plaintiff at P. O. Box 349, 1000 Palm Blvd., Isle of Palms, SC 29451. [DE 6-1 at 67]. Plaintiff has not filed a response to the motion to dismiss in the record or otherwise responded, and the docket reflects no other action.

The Court has authority to dismiss a defendant and claims against the defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit employs a four-factor analysis for determining whether dismissal pursuant to Rule 41(b) for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was

ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Additionally, the less stringent standards applied to *pro se* pleadings do not apply to "readily comprehended court deadlines." *Jourdan v. Jabe*, 951, F.2d 108, 110 (6th Cir. 1991).

As to the first factor, the docket reflects no action by the Plaintiff since August 22, 2025, shortly after the case was filed and Plaintiff has not responded to Defendant's motion to dismiss. [DE 1, DE 4]. However, Plaintiff timely updated the Plaintiff's address with the Court shortly after suit was filed. Defendant served its motion to dismiss on the address listed on the summons, which was not the address of Plaintiff on record with the Court at the time the motion to dismiss was filed. Plaintiff may have received notice of the motion via mail forwarding or checking the docket. But, it is not clear and the Court cannot find Plaintiff is not making effort to prosecute the case. As to the second factor, Defendant served its motion to dismiss on Plaintiff at a previous address, so this factor does not support prejudice to Defendant. As to the third factor, Plaintiff has not been warned this case was subject to dismissal for failure to respond to the motion and participate in the case. Given these circumstances, the Court finds it appropriate for Defendant's motion to be re-served on Plaintiff at Plaintiff's current address and Plaintiff be given additional time to file a response. However, Plaintiff is informed that failing to timely file a response after proper service of the motion could subject Plaintiff's claims to dismissal for failure to prosecute.

## CONCLUSION

Based on the above findings, **IT IS ORDERED** that

(1) The Clerk of Court shall mail a copy of Defendant's motion to dismiss [DE 6] at Plaintiff's current address: 4502 Mason Ethan Ct #102 Louisville, KY 40218.

**(2) Plaintiff shall file a response to Defendant's motion to dismiss by August 7, 2026.**

(3) Failure to timely file a response could result in dismissal of the case for failure to prosecute.

Rebecca Grady Jennings, District Judge
United States District Court

July 14, 2026

Cc:   Plaintiff, pro se